*276 SULLIVAN, Senior Judge
(concurring in the result):
Unlike the lead opinion, I conclude that the stipulation of fact from appellant’s prior court-martial was not admissible as sentencing evidence at his second court-martial. The President has given appropriate guidance as to the types of records (subject to their relevance) that the parties may introduce at this stage of the trial. He has clearly delineated between “[ejvidence of prior convictions of the accused” (RCM 1001(b)(3)) and “[pjersonal data and character of prior service of the accused.” RCM 1001(b)(2). I agree with the lead opinion that the challenged stipulation was not admissible under RCM 1001(b)(3). However, I disagree with the lead opinion that the challenged evidence was admissible under RCM 1001(b)(2).
RCM 1001(b)(2) permits the admission of
evidence of the accused’s marital status; number of dependents, if any; and character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15 [UCMJ].
This evidence must be taken from “the personnel records of the accused.” The plain language of this rule shows that the President did not envision it permitting the introduction of evidence of a prior criminal trial. The obvious intent was to limit it to disciplinary documents traditionally maintained in a servicemember’s personnel file.
Moreover, the simple fact that service regulations require that records of trial be kept through the appellate process did not, somehow, magically transform the stipulation of fact from the prior trial into a “personnel record.” A record of trial is not a record “made or maintained in accordance with Air Force Directives.... ” See para. 8.5.1, Air Force Instruction 51-201, Administration of Military Justice (2 Nov. 1999). Rather, a record of trial has its own independent legal significance and record-keeping requirement. See Article 54, Uniform Code of Military Justice (UCMJ), 10 USC § 854.
At trial, the Government made no argument that this document was a personnel record. Moreover, I see nothing in any of the materials presented in connection with this case that required the maintenance of the proceedings of a court-martial in appellant’s personnel file (the traditional repository of such records).
Finally, I am left to wonder as to the limits of the lead opinion’s approach to this question. Will records of an investigation under Article 32, UCMJ, 10 USC § 832, or other pretrial proceedings (i.e., the staff judge advocate’s pretrial advice) be admitted? Should the Government be permitted to call witnesses from the prior trial or introduce the entire transcript, including exhibits excluded by the military judge? *
Notwithstanding the above, I do not believe that appellant suffered substantial harm from either this error or the failure of the Government to redact portions of this exhibit and the promulgating order as directed by the military judge. This was appellant’s second conviction for the same type of offenses within a five-month period. The record shows that he had the temerity to drive one of the fruits of his crimes, a used Lexus car for which he had uttered a worthless check, to his prior court-martial, thus demonstrating his contempt for the military justice system. (Pros. Ex. 1) The very serious nature of the present offenses, coupled with the admissible evidence of his prior misconduct, rendered the errors noted above harmless under any standard of review. See Art. 59(a), UCMJ, 10 USC § 859(a).

 In response to a question I posed during oral argument, the Government contended that a record of an acquittal would be admissible. This was somewhat tantamount to a hoaiy and now discredited tradition that a record of an acquittal should be included in a personnel record as a "favorable” matter.